UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAVIGATORS INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CALPORTLAND COMPANY, et al <br><br> Defendants. | CASE NO. 2:10-CV-00665-MJP <br><br> ORDER ON MOTION TO COMPEL |

This matter comes before the Court on Plaintiffs' motion to compel, which was filed using the joint format set out in Local Rule CR 37. (Dkt. No. 26.) Having reviewed the motion, the documents submitted in camera, and all related papers, the Court GRANTS in part and DENIES in the part the motion.

**Background**

Plaintiffs are a group of insurers who filed suit against CalPortland, and Glacier Northwest, Inc. (collectively "Glacier" or "Defendants"), alleging that Glacier negligently unloaded a barge loaded with aggregate on the Duwamish River. (Compl. ¶¶ 11-13.)

1 Defendants' actions allegedly caused the barge to suffer severe structural damage to the hull,
2 deck, and internal structures. (¶ 14.) The barge was declared a constructive total loss and the
3 Plaintiff insurers incurred the expense of the constructive loss, surveys, towage, repairs and
4 additional expenses. (¶¶ 14-15.)

5       Plaintiffs demand the production of 13 documents that were withheld by Defendant under
6 claims of privilege. (Dkt. No. 26 at 2.) They also seek responses to two requests for production.
7 Defendants maintain that the documents were produced in anticipation of litigation immediately
8 after the accident, and that they are therefore privileged. They also argue that some documents
9 are protected by the attorney-client privilege. Defendants raise defenses as to the two requests
10 for production. The Court addresses each document reviewed in camera before turning to the
11 requests for production.

12                                 **Analysis**

13 A.      <u>Privilege Log Document 157</u>

14       Document 157 is a hand-written note that appears to show the barge in question,
15 explaining how it was loaded and how the load was distributed. The note paper is labeled
16 "Glacier Sand & Gravel Company," but there is no indication of who made the notes or when.
17 Defendants argue that it is properly being withheld as work product. The Court disagrees.

18       Work product is not a privilege, but rather a qualified protection limiting discovery of
19 "documents and tangible things" prepared by a party or his representative in anticipation of
20 litigation or trial. <u>Admiral Ins. Co. v. United States Dist. Court</u>, 881 F.2d 1486, 1494 (9th Cir.
21 1989). A party asserting work product privilege must show that the materials withheld are: (1)
22 documents and tangible things; (2) prepared in anticipation of litigation; and (3) the materials
23 were prepared by or for the party or attorney asserting the privilege. <u>Garcia v. City of El Centro</u>,
24

1  214 F.R.D. 587, 591 (S.D. Cal. 2003). A document is prepared "in anticipation of litigation" if

2  "in light of the nature of the document and the factual situation in the particular case, the

3  document can be fairly said to have been prepared or obtained <u>because of</u> the prospect of

4  litigation." <u>United States v. Torf</u>, 357 F.3d 900, 907 (9th Cir. 2003) (citation omitted) (emphasis

5  added).

6       Even if a document is work product, Fed. R. Civ. P. 26(b)(3)(A)(ii) permits a party to

7  obtain discovery of work product only on a showing of "substantial need" for the documents and

8  an inability to obtain equivalent information from other sources. Even when a court orders

9  disclosure of work product, it must insure that "mental impressions, conclusion, opinions, or

10  legal theories of a party's attorney or other representative concerning the litigation" are not

11  disclosed. Fed. R. Civ. P. 26(b)(3)(B). The party claiming work-product protection bears the

12  burden of establishing that it applies. <u>Heath v. F/V Zolotoi</u>, 221 F.R.D. 545, 549 (W.D. Wash.

13  2004) (Zilly, J.); <u>see also</u> <u>Hernandez v. Tanninen</u>, 604 F.3d 1095, 1102 (9th Cir. 2010).

14       Defendants fail to show that this drawing is work product. Defendants rely on the

15  assertion that all documents created after the accident were made in preparation for litigation.

16  Defendants' in-house counsel states that "immediately after [the accident on] December 4,

17  2009," she "directed our ensuing investigation, working principally through Safety Manager

18  Mike Moore." (Lilley Decl. ¶ 2.) Defendants also argue that they immediately put the insurance

19  broker on notice and engaged a marine surveyor and then hired outside counsel four days after

20  the accident on December 8, 2009. (Dkt. No. 26 at 4; Dkt. No. 17 at ¶ 3.) While this may be

21  true, Defendants have failed to produce a single declaration from Mike Moore stating that this

22  document was prepared because of anticipated litigation. There is nothing indicating when it

23  was made, or even whether Mr. Moore created it. There is nothing indicating that it was

24

1    prepared because of the prospect of litigation.  The Court GRANTS the motion to compel on this

2    issue and orders production of the Privilege Log Document 157.

3    B.     Privilege Log Document 223

4         This document is an email from Mike Moore to Mark Rock and someone with an email

5    address of "eowens@calportland.co$", dated December 4, 2009 at 16:47:15.  The message

6    describes the incident and actions planned to move the barge and its load.  There appears to be

7    material redacted without any notation of the redaction, given that the message has a header of "-

8    -- Original Message ---", indicating there was a reply to the message that was deleted.

9         Defendants incorrectly argue this is work product.  The document lacks any indication

10   that it was sent to counsel or that it was prepared because of the anticipation of litigation.  The

11   mere fact that Glacier may have anticipated litigation does not show that this specific document

12   was created because of the possibility of litigation. The Court GRANTS the motion to compel

13   production of this document.  Defendants must produce the email in its full, unredacted form.

14   C.     Privilege Log Document 225

15        This is an email from Mike Moore to Mark Rock and Ed Owens.  It has a title of "Barge

16   240 Incident Summary" and is dated December 4, 2009 at 11:28 PM.  The body of the email

17   reflects its title: it is almost entirely a factual summary. There is no reference to attorneys or

18   litigation, there are no attorneys that appear to be copied on the email, and there is no evidence

19   that it was made at the direction of counsel or because of future litigation.  The Court rejects

20   Defendants' assertion that this is work product.  The Court GRANTS the motion to compel on

21   this issue and orders production of this document,

22   D.     Privilege Log Document 226

23

24

1     This document merely contains an email dated December 4, 2009 from Scott Nicholson

2  to Jim Tweedy, Ron Summers, and Mark Leatham without a subject line or any content.

3  Defendants contend that "its purpose was to forward other emails with photo." (Dkt. No. 26 at

4  12.) No photos or other emails were produced for in camera review. There is no indication that

5  this is work product. The Court GRANTS the motion to compel production of this document.

6  Defendants must produce the full email in unredacted form, along with all attachments.

7  E.     Privilege Log Document 227

8     This document is described in the briefing as an email forwarding a message between

9  management at Glacier. Yet the contents of the forwarded email are nowhere presented in the

10 email produced for in camera review. The document is a blank email from Ron Summers to

11 Allen Hamblen, Ed Owns, Scott Isaacson, and Mark Rock on the date of the accident. Scott

12 Isaacson is assistant general counsel to CalPortland. Be that as it may, it does not show that the

13 email was produced at the direction of counsel or in anticipation of litigation. It is not work

14 product. The Court GRANTS the motion to compel production of this document. Defendants

15 must produce the entire email along with any attachments.

16 F.     Privilege Log Document 218

17    This document contains an email from Matthew Hinck, an environmental manager for

18 CalPortland to Scott Isaacson, dated December 4, 2009 with a subject line of "ITB 240."

19 Defendants argue that this email was submitted to Scott Isaacson, assistant general counsel,

20 "transmitting photos the damaged barge with an action plan within his particular purview in

21 anticipation of litigation." (Dkt. No. 26 at 13.) Defendants claim this is attorney-client and work

22 product privileged.

23        Work Product

24

1  The action plan may have some relationship to the litigation at issue and Isaacson is an
2  attorney for the Defendants.  However, there is no showing that the document was created
3  because of future litigation.  The totality of the circumstances does not suggest the document is
4  work product.  The Court does not find it properly withheld as work product.

5  Attorney-Client Privilege

6  The attorney-client privilege is a substantive issue and must be interpreted using the law
7  of the state.  Lexington Ins. Co. v. Swanson, 240 F.R.D. 662, 666 (W.D. Wash. 2007).  In
8  Washington, "[t]he attorney-client privilege applies to communications and advice between an
9  attorney and client and extends to documents which contain a privileged communication."
10  Pappas v. Holloway, 114 Wn.2d 198, 203 (1990).  The purpose is "to encourage free and open
11  attorney-client communication by assuring the client that his communications will be neither
12  directly not indirectly disclosed to others."  Id. (quotation omitted).  The privilege is not
13  absolute; "it must be strictly limited to the purpose for which it exists."  Id. at 204.

14  The attorney-client privilege does not apply to this email.  The information the client is
15  giving to in-house counsel is not legal in nature, nor does it appear to be given in response to any
16  advice from counsel.  The document does not reveal confidential and legal advice.  It is not
17  privileged.  The Court GRANTS the motion to compel on this issue.  Defendants must produce
18  the document, including any photos that were attached to the email that Defendants failed to
19  produce for in camera inspection.

20  G.   Privilege Log Document 219

21  This is an email from in-house counsel, Scott Isaacson to several recipients stating "FYI
22  here are some pictures of the former flat deck barge."  Defendants claim this is work product and
23  attorney-client privileged.  The photos were not attached for in camera review.  This document is

24

1  not work product, as there is no indication that it was created because of the threat of litigation.

2  The document is not attorney-client privileged, as there is also no legal advice or opinion in the

3  email.  The Court GRANTS the motion to compel production of this document.  Defendants

4  must produce the entire email and the attached photos.

5  H.    Privilege Log Documents 55 & 113

6       Defendants produced only privilege document 55, and claim that 113 is a duplicate, to

7  which Plaintiffs agree.  As Defendants admit, the document bears no date and Defendants do not

8  know when it was created.  Defendants claim that it reflects Jim Tweedy's notes.  There is no

9  indication Jim Tweedy is the author.  The document itself provides a factual account of what

10 happened during the incident based on what appear to be interviews.

11      Defendants have failed to show this document was created in anticipation of litigation or

12 whether it was prepared as part of a routine investigation.  Defendants' state conclusorily that the

13 document was "prepared in anticipation of litigation."  However, there is no declaration from Jim

14 Tweedy confirming this or any other indication that it was made in anticipation of litigation.  The

15 totality of the facts does not confirm that this document is work product.  Defendants must

16 produce it.  The Court GRANTS the motion to compel production of this document.

17 I.    Privilege Log Document 221

18      This document contains an email dated December 18, 2009 from Shawn Lilley, corporate

19 counsel at CalPortland, in which he provides the client with advice as to how to prepare for

20 litigation.  The document is properly withheld as attorney-client privilege.  The Court DENIES

21 the motion to compel the document.

22 J.    Privilege Log Document 11

23

24

1    This document was prepared by Blomquist Marine Surveys, Inc. on December 11, 2009
2 and certain underwriters. It states that it is preliminary advice for the exclusive use of the
3 underwriters. It opines as to the cause of the loss, the estimated repair cost, and future
4 investigations of the barge. Defendants claim it is work product, as it was created in anticipation
5 of litigation. The Court agrees. The totality of the circumstances satisfies the Court that it was
6 created in true preparation for litigation. The Court DENIES production of the document.

7 K.    Other documents

8    Plaintiffs request production of 3 other documents that Defendants did not produce for in
9 camera inspection because doing so would have exceeded the 10 document limit the Court
10 imposed on in camera production. The Court considers the request for production of these
11 documents in spite of the lack of in camera review.

12    Document 12 is a status report created by the marine surveyor. Documents 42 and 94 are
13 letters and email generated one week after the accident by the marine surveyor retained by the
14 insurance broker. Based on the Court's ruling on Document 11, the Court DENIES the motion
15 to compel these documents. They appear to have been created in anticipation of litigation and
16 are properly withheld as work product.

17 L.    Requests for Production

18    Plaintiffs argue that Defendants have wrongly refused to answer two requests for
19 production (numbers 5 and 17). (Dkt. No. 26 at 9.) Plaintiffs seek personnel files for the barge
20 workers. Defendants oppose this request on the grounds that there is a strong public policy
21 against disclosure of personnel files. Plaintiffs also request information about permits and
22 licenses Defendants may or may not have.

23

24

As to the personnel files, the only case Defendants cite for support undermines their position. The case includes a statement that "where the files sought are those of employees whose action or inaction has a direct bearing on the Plaintiff's claims or Defendant's affirmative defenses and especially where, as here, the court has issued an appropriate confidentiality order, personnel files are subject to discovery." Cason v. Builders FirstSource-Southeast Group, Inc., 159 F. Supp. 2d 242, 247 (W.D.N.C. 2001). This supports Plaintiffs' argument. Plaintiffs contend they seek information about workers who may be responsible for the damage. The files directly bear on Plaintiffs' claims. The Court GRANTS the motion on this issue and orders production of the documents sought in request for production number 5.

Plaintiffs also argue that Defendants have wrongly refused to produce "all licenses, records, permits, registrations and other documents which evidence defendants' right or entitlement to operate their Duwamish or Dupont Facilities on December 3-4, 2009." Defendants argue that this request is overly broad and not likely to lead to discoverable materials. Plaintiffs contend reasonably that such materials may bear on whether Defendants' defense related top proper loading and unloading is tenable. Plaintiffs argue that the permits and licenses may show what proper loads should have been on the barge. The Court agrees. The Court GRANTS the motion and requires production of documents responsive to request for production 17. Defendants may withhold privileged documents, provided the privilege is properly asserted and they create a privilege log.

**Conclusion**

The Court GRANTS in part and DENIES in part the motion to compel. Defendants have wrongly withheld production of documents 55, 113, 157, 218, 219, 223, 225, 226, 227. They must be produced to Plaintiffs within 5 days of entry of this order. Defendants have properly

1  withheld Documents 11, 12, 42, 94, and 221.  Defendants are not required to produce those

2  documents.  However, Defendants have improperly refused to respond to Plaintiffs' requests for

3  production 5 and 17.  The Court GRANTS the motion on this issue and requires production of

4  responsive documents within 5 days of entry of this order.

5       The clerk is ordered to provide copies of this order to all counsel.

6       Dated this 24th day of January, 2011.

/s/ Marsha J. Pechman

Marsha J. Pechman
United States District Judge